LAKE STATES ASSOCIATES, INC v MICHIGAN

Docket No. 51096. Submitted May 6, 1981, at Lansing.—Decided May 4, 1982.

Plaintiff, Lake States Associates, Inc., contracted with the Village of Saranac, Ionia County, to construct a low-income housing project consisting of 39 dwelling units in a 3-story building and 6 additional units in each of 2 other buildings nearby. Part of plaintiff's responsibility was to install pipes which would take water from Saranac's water system and distribute it to the living units. In this connection it was necessary for plaintiff to install a six-inch water main loop to extend Saranac's water system closer to the construction site. Plaintiff submitted plans for the water main loop to the Michigan Department of Public Health for review pursuant to statute. The documents submitted also contained plans for the water piping system to be used within the housing project itself, and the MDPH reviewed these as well. The department approved the six-inch water main loop but disapproved the proposed piping within the development. Plaintiff constructed the piping as planned. The MDPH then advised plaintiff that, because the project's piping construction had been without its approval, plaintiff was subject to certain sanctions under the water act. The department also forbade Saranac from connecting the project to its water system until plaintiff had obtained a permit from the department. Plaintiff filed a complaint in the Ingham Circuit Court for declaratory judgment and temporary and permanent injunctive relief preventing the State of Michigan and the MDPH from enforcing the water act against plaintiff with regard to the water piping within the housing development. The parties do not dispute MDPH jurisdiction over the six-inch water main loop constructed by plaintiff. The sole dispute involves the MDPH's claim to supervisory jurisdiction over the water distribution system from the water main to the individual dwelling units of the development. The court, Jack W. Warren, J., issued a declaratory judgment holding that the piping on plaintiff's premises does not constitute a "waterworks system" or a "pub-

REFERENCE FOR POINTS IN HEADNOTE
78 Am Jur 2d, Waterworks and Water Companies §§ 7, 36 et seq.

lic water supply" as defined in the Safe Drinking Water Act and that plaintiff is not a "supplier of water" by virtue of its construction and ownership of the housing project. The court declared unequivocally that neither plaintiff nor the water piping on its premises is subject to MDPH regulation under the water act. Defendants appealed. *Held:*

Plaintiff is not a supplier of water under the act and neither plaintiff nor the housing project's water pipe system is subject to regulation under the Safe Drinking Water Act.

Affirmed.

PUBLIC UTILITIES — WATERWORKS — SAFE DRINKING WATER ACT.

A builder and owner of a housing project is not a "supplier of water" and the water piping system on the premises does not constitute a "waterworks system" within the meaning of the Safe Drinking Water Act (MCL 325.1001 *et seq.;* MSA 14.427[1] *et seq.).*

*Doyle, Carruthers, Hess & Ralls, P.C.,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Walter V. Kron* and *Vincent J. Leone,* Assistants Attorney General, for defendant.

Before: M. J. KELLY, P.J., and BRONSON and R. M. DANIELS,* JJ.

R. M. DANIELS, J. Defendants appeal of right from the trial court's April 1, 1980, declaratory judgment holding that neither plaintiff nor the water piping system located in a housing development constructed by plaintiff is subject to the jurisdiction of the Michigan Department of Public Health (MDPH) pursuant to the Safe Drinking Water Act, MCL 325.1001 *et seq.;* MSA 14.427(1) *et seq.*

Plaintiff contracted with the Village of Saranac, Michigan, to construct a low-income housing proj-

* Circuit judge, sitting on the Court of Appeals by assignment.

ect consisting of 39 dwelling units in a 3-story building and 6 additional units in each of 2 other buildings nearby. Part of plaintiff's responsibility was to install pipes which would take water from Saranac's water system and distribute it to the living units. In this connection it was necessary for plaintiff to install a six-inch water main loop to extend Saranac's water system closer to the construction site.

Plaintiff submitted plans for the water main loop to the MDPH for review pursuant to MCL 325.1004; MSA 14.427(4). The documents submitted also contained plans for the water piping system to be used within the housing project itself, and the MDPH reviewed these as well. The department approved the six-inch water main loop but disapproved the proposed piping within the development. After negotiations failed, plaintiff constructed the piping as planned. The MDPH then advised plaintiff that, because the project's piping construction had been without its approval, plaintiff was subject to certain sanctions under the water act. The department also forbade Saranac from connecting the project to its water system until plaintiff had obtained a permit from the department.

On August 18, 1978, plaintiff filed a complaint for declaratory judgment and temporary and permanent injunctive relief preventing the State of Michigan and the MDPH from enforcing the water act against plaintiff with regard to the water piping within the housing development. The parties do not dispute MDPH jurisdiction over the six-inch water main loop constructed by plaintiff; rather, the sole dispute involves the MDPH's claim to supervisory jurisdiction over the water distribution system from the water main to the individual dwelling units of the development.

The trial court on August 18, 1978, issued a temporary restraining order against defendants and ordered a show cause hearing. After a full hearing on the matter, the lower court on April 1, 1980, issued a declaratory judgment holding that the piping on plaintiff's premises does not constitute a "waterworks system" or a "public water supply" as defined in the Safe Drinking Water Act and that plaintiff is not a "supplier of water" by virtue of its construction and ownership of the housing project. The court declared unequivocally that neither plaintiff nor the water piping on its premises is subject to MDPH regulation under the water act. We concur and affirm.

MCL 325.1004; MSA 14.427(4) provides:

"(1) A supplier of water shall file with the department the plans and specifications of the entire waterworks system owned or operated by the supplier, unless the department determines that its existing records are adequate. A general plan of the waterworks system for each public water supply shall be provided to the department by a supplier of water and shall be updated as determined necessary by the department.

"(2) Upon receipt of the plans and specifications for a proposed waterworks system, the department shall evaluate the adequacy of the proposed system to protect the public health by supplying water meeting the state drinking water standards. If upon evaluation the department determines the plans and specifications to be inadequate, the department may return the plans and specifications to the applicant and require additions or modifications as may be appropriate. The department may reject plans and specifications for a waterworks system which it determines will not satisfactorily provide for the protection of the public health.

"(3) Before commencing the construction of a waterworks system or an alteration, addition, or improvement to a system, a supplier of water shall submit the plans and specifications for the improvements to the

department and secure from the department a permit for construction of the same as provided by rule. * * * A contractor, builder, or supplier of water shall not engage in or begin the construction of a waterworks system or an alteration, addition, or improvement thereto until a valid permit for the construction has been secured from the department. A contractor, builder, or supplier of water who permits or allows construction to proceed without a valid permit, or in a manner not in accordance with the plans and specifications approved by the department, violates this act. A supplier of water shall not issue a voucher, check, or in any other way expend money or provide consideration for construction of a waterworks system unless a valid permit issued by the department is in effect."

The MDPH concedes that plaintiff is not a "supplier of water" as defined by the water act. It contends, however, that plaintiff is a contractor or builder of an addition to a waterworks system and is therefore subject to MDPH jurisdiction under subsection 4(3) of the water act.

A careful reading of § 4 in its entirety discloses a statutory sequence to be followed by a "supplier of water" who proposes to build or modify a "waterworks system". Since the MDPH concedes that plaintiff is not a "supplier of water", there is little reason to believe that § 4 confers upon the department any jurisdiction over plaintiff. Reference to a "contractor" or "builder" in subsection 4(3) at first glance appears to support the department's argument, but such an interpretation would lead to absurd consequences, requiring department approval of even minor and indirect additions to any waterworks. Applied to every municipal water supply system in the state, such a reading of the act would entail an incredible degree of governmental regulation. A more reasonable interpretation is that the Legislature included builders and contractors under subsection 4(3) to prevent situations in which a "supplier of water" authorizes a

builder or contractor, rather than its own agents, to proceed with construction of water mains before obtaining a permit from the department.

The MDPH contends that rejection of its argument means that "the waterpiping system needed to connect the village waterworks system to the buildings' plumbing would be left unregulated". This, however, is not the case.

Plaintiff maintained in the court below—and the MDPH does not dispute—that pursuant to MCL 125.1504; MSA 5.2949(4), which provides that nationally recognized model building codes shall be incorporated into the state construction code, the Michigan Department of Labor adopted the plumbing code of the Building Officials and Code Administrators International, Inc. (BOCA code). Plaintiff contends that the BOCA code regulates all of the water piping in question from the service pipe's junction with the six-inch water main loop to the point of ultimate water usage on the premises and that this regulation adequately protects public health.

The BOCA code provisions adduced by plaintiff in support of its argument confirm that there is no unregulated gap in the water distribution system as the MDPH claims. The entire water supply system at issue in this case is subject to state regulation for protection of the public health, although the Legislature has seen fit to provide MDPH regulation of the six-inch water main loop and plumbing board regulation of plaintiff's water piping system from its junction with the water main loop to the point of ultimate usage in the dwelling units. The trial judge correctly so determined.

The department's final allegation of error does not necessitate discussion.

Affirmed. No costs, a question of statutory interpretation being involved.